IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:12-cv-00206-AA |
| Petitioner, | ORDER |
| v. | |
| CHRISTOPHER A. MCCLINTIC, | |
| Respondent. | |

AIKEN, Chief Judge:

Petitioner the United States of America (the government) seeks to enforce a summons issued by the Internal Revenue Service (IRS). The summons requires respondent to appear for an interview, answer certain questions, and produce certain documents related to the tax years 2008 and 2009.

On June 17 and July 26, 2011, IRS agents attempted to interview respondent. At that time, respondent refused to answer any of the questions posed to him, invoking the Fifth Amendment

1    - ORDER

after each question. Respondent also refused to produce any documents on similar grounds. Ultimately, the government brought this petition to enforce the IRS summons. The case initially was assigned to a different presiding judge who appointed counsel and ordered respondent to produce the contested documents for in camera review. Respondent argues that answering the questions posed to him and producing the documents requested by the IRS may provide information that potentially could be used against him if prosecuted for failure to file a tax return.

The Fifth Amendment "does not independently proscribe the compelled production of every sort of incriminating evidence but applies only when the accused is compelled to make a Testimonial Communication that is incriminating." Fisher v. United States, 425 U.S. 391, 408 (1976). Further, "[t]he privilege is not limited to oral questioning; an individual may refuse to provide documents to an investigative body if the act of production would be testimonial." United States v. Bright, 596 F.3d 683, 691 (9th Cir. 2010) (internal citations omitted). Accordingly, "[a] claim of Fifth Amendment privilege may be asserted if there are 'substantial hazards of self-incrimination that are real and appreciable, not merely imaginary and unsubstantial,' that information sought in an IRS summons might be used to establish criminal liability." Id. at 690-91 (internal quotation marks and citations omitted).

To the extent that respondent wishes to claim protection under

2    - ORDER

the Fifth Amendment, he cannot simply make a "blanket assertion" of his Fifth Amendment rights, but must do so on a question-by-question or document-by-document basis. See United States v. Brown, 918 F.2d 82, 84 (9th Cir. 1990) (per curiam). While the Fifth Amendment may apply to the production of documents and testimony before the IRS in response to a summons, respondent must demonstrate that his testimony or production of documents "would 'support a conviction under a federal criminal statute' or 'furnish a link in the chain of evidence needed to prosecute [him] for a federal crime.'" United States v. Rendahl, 746 F.2d 553, 555 (9th Cir. 1984) (quoting Hoffman v. United States, 341 U.S. 479, 486 (1951)).

Here, respondent asserts that, because there is potential for a criminal charge of failing to file a tax return, he cannot be compelled to answer the questions posed to him or disclose the documents sought. I agree to a certain extent. If respondent answered questions or provided documents that reflected a source of income during the relevant tax years, such evidence could potentially subject him to criminal liability for failure to file a tax return. See United States v. Bodwell, 66 F.3d 1000, 1001 (9th Cir. 1995); Rendahl, 746 F.2d at 555-56.

However, respondent failed to answer any questions posed to him; certainly many of the questions - whether he was married or had dependents, for example - do not implicate respondent's income

3    - ORDER

or any failure to pay taxes on such income. Even though respondent asserted the Fifth Amendment after each question, I find his responses akin to a "blanket" refusal that is not a proper invocation of the Fifth Amendment. Thus, respondent is required to answer the questions posed to him; only those questions that pertain to his income are potentially incriminating and subject to a properly-invoked claim of Fifth Amendment privilege.

With respect to the requested documents, producing documents in response to an IRS subpoena is not testimonial when "[t]he existence and location of the papers are a foregone conclusion and the taxpayer adds little or nothing to the sum total of the Government's information by conceding that he in fact has the papers." Bright, 596 F.2d at 692 (citation omitted). "For this foregone conclusion exception to apply, the government must establish its independent knowledge of three elements: the documents' existence, the documents' authenticity and respondent's possession or control of the documents." Id.

Here, it is not clear whether and to what extent the IRS has knowledge of documents in respondent's possession. Regardless, I find that only documents reflecting a source of income during the relevant tax years are potentially incriminating and protected from disclosure. I do not find billing statements for household utilities (such as telephone service, mobile and otherwise) or personal expenses to be incriminating unless they reveal or are

4    - ORDER

directly related to a source of income; therefore such documents shall be produced. Further, if the government establishes the existence of documents in respondent's possession relating to a business or other source of income, or if the government represents unequivocally that respondent will not be subject to criminal liability, the court will order all of the documents to be produced.

IT IS SO ORDERED.

Dated this 23RD day of December, 2013.

                            /s/ Ann Aiken
                            Ann Aiken
                      United States District Judge

5   - ORDER